RE: CONFLICT OF INTEREST LAWS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF NOVEMBER 18, 1988, IN WHICH YOU ASK FOR ADVICE REGARDING THE PROPRIETY OF YOUR CONTINUING TO ACT IN CERTAIN PUBLIC AND PRIVATE CAPACITIES, ONCE YOU ARE SWORN IN AS A CORPORATION COMMISSION MEMBER. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER. PLEASE BE PRELIMINARILY ADVISED THAT YOU SHOULD NOT CONSIDER THIS LETTER TO BE A FORMAL, BINDING OPINION OF THE ATTORNEY GENERAL. THIS OFFICE MAY LEGALLY ISSUE SUCH OPINIONS ONLY IN RESPONSE TO QUESTIONS OF PURE LAW POSED BY CURRENT OFFICERS OF THE STATE, AND WE ARE NOT TECHNICALLY ABLE TO RESPOND TO YOU FORMALLY UNTIL YOU ASSUME OFFICE. HOWEVER, I AM AUTHORIZED TO TREAT THIS REQUEST BY YOU AS AN INFORMAL ETHICS OPINION REQUEST, AND OFFER THE FOLLOWING COMMENTS TO YOU FOR YOUR INFORMATION.
YOU INQUIRE FIRST AS TO THE IMPACT OF YOUR ASSUMING OFFICE AS A MEMBER OF THE CORPORATION COMMISSION UPON YOUR PRESENT PUBLIC POSITIONS AS A DIRECTOR OF THE OKLAHOMA HISTORICAL SOCIETY, AND AS A DIRECTOR OF THE PORT AUTHORITY OF GREATER OKLAHOMA CITY. THERE IS A PROVISION IN STATE LAW WHICH GENERALLY PROHIBITS ANY PERSON FROM CONTEMPORANEOUSLY HOLDING MORE THAN ONE PUBLIC OFFICE AT A TIME. TITLE 51 O.S. 6 (1987) (DUAL OFFICE HOLDING). THIS STATUTE CONTAINS A NUMBER OF EXCEPTIONS TO ITS GENERAL RULE. HOWEVER, NONE WOULD APPLY TO YOUR FACTUAL SITUATION, AS I UNDERSTAND IT TO EXIST.
IF A PERSON EVEN INADVERTENTLY RUNS AFOUL OF THIS STATUTE'S PROHIBITIONS, THE RESULT IS QUITE SEVERE. THE FIRST OFFICE HELD IS AUTOMATICALLY DEEMED TO HAVE BEEN VACATED, WITHOUT THERE NEEDING TO BE ANY FORMAL DECLARATION OR JUDICIAL FINDING OF SUCH A VACANCY. IN SHORT, THE ANSWER TO YOUR FIRST AREA OF CONCERN IS THAT YOU WILL AUTOMATICALLY FORFEIT YOUR CURRENT PUBLIC OFFICES THE INSTANT YOU BECOME FINALLY QUALIFIED AS A MEMBER OF THE CORPORATION COMMISSION. THERE IS NO TECHNICAL NEED FOR A FORMAL RESIGNATION, ALTHOUGH NO DOUBT THERE ARE CERTAIN CONCERNS OF COURTESY THAT MAY MOVE YOU TO DESIRE TO FORMALLY RESIGN YOUR CURRENT POSITIONS.
AS TO YOUR SECOND AREA OF CONCERN, YOU INDICATE THAT YOU ARE A MEMBER OF THE BOARD OF DIRECTORS FOR TWO LARGE BANKING INSTITUTIONS IN THE STATE. I CANNOT ADVISE YOU IN THE ABSTRACT AS TO WHETHER YOU MUST RESIGN FROM THESE AFFILIATIONS AT THIS TIME. THERE IS NO PER SE CONFLICT OF INTEREST SET FORTH IN THE STATUTES RELATIVE TO THIS TYPE OF PUBLIC/PRIVATE RELATIONSHIP. HOWEVER, YOU DO NEED TO BE AWARE OF THE TERMS OF THE STATE EMPLOYEES CODE OF ETHICS (WHICH IS APPLICABLE TO ELECTED OFFICERS OF THE STATE), WHICH OUTLINES CERTAIN RULES THAT ALL STATE OFFICERS AND EMPLOYEES MUST ADHERE TO AS A CONDITION OF HOLDING THEIR OFFICE OR EMPLOYMENT. TITLE 74 O.S. 4241 (1987) STATES:
"NO STATE EMPLOYEE SHALL:
 1. DIRECTLY OR INDIRECTLY SOLICIT OR ACCEPT ANY COMPENSATION, GIFT,, LOAN, ENTERTAINMENT, FAVOR OR SERVICE GIVEN FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES. PROVIDED, HOWEVER, THAT THIS SECTION SHALL NOT APPLY TO BONA FIDE CAMPAIGN CONTRIBUTIONS;
 2. USE HIS OFFICIAL POSITION TO SOLICIT OR SECURE SPECIAL PRIVILEGES OR EXEMPTIONS FOR HIMSELF OR OTHERS, EXCEPT AS MAY BE PROVIDED BY LAW;
 3. DISCLOSE OR OFFER TO DISCLOSE CONFIDENTIAL INFORMATION ACQUIRED BY REASON OF HIS OFFICIAL POSITION TO ANY PERSON, GROUP OR OTHERS NOT ENTITLED TO RECEIVE SUCH CONFIDENTIAL INFORMATION, NOR SHALL HE USE SUCH INFORMATION FOR HIS PERSONAL GAIN OR BENEFIT;
 4. SELL, OFFER TO SELL OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED BY OR REGULATED BY THE STATE AGENCY, EXCEPT AS PROVIDED IN PARAGRAPH 3 OF SECTION 26 OF THIS ACT;
 5. RECEIVE OR SOLICIT ANY COMPENSATION THAT WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT, FOR HIS SERVICES AS AN OFFICER OR EMPLOYEE OF ANY STATE AGENCY, FROM ANY SOURCE OTHER THAN THE STATE, UNLESS PROVIDED BY LAW; OR
 6. ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES."
THESE PROVISIONS HAVE BEEN REVIEWED BY THE ATTORNEY GENERAL ON MANY OCCASIONS, AND THE USUAL RESPONSE TO INQUIRIES ABOUT THEIR APPLICATION HAS BEEN THAT EACH CASE MUST BE REVIEWED ON A CASE-BY-CASE BASIS. THESE PROHIBITIONS SHOULD BE READ IN CONJUNCTION WITH AND IN ADDITION TO THE SPECIFIC STATUTORY LANGUAGE FOUND IN 17 O.S. 179 (1981). FROM THE MERE LISTING OF ENTITIES THAT YOU HAVE A RELATIONSHIP WITH AS A DIRECTOR, I CANNOT RENDER ANY CONSIDERED LEGAL ADVICE AS TO WHETHER YOU MIGHT HAVE A PROHIBITED CONFLICT OF INTEREST BY VIRTUE OF YOUR NEW PUBLIC POSITION. YOU NEED TO TRY TO DETERMINE WHAT TYPES OF ACTIVITIES THAT THESE ENTITIES ENGAGE IN THAT ARE DIRECTLY OR INDIRECTLY AFFECTED BY CORPORATION COMMISSION POWERS. IF YOU CAN ASCERTAIN WITH MORE CERTAINTY THESE AREAS OF POTENTIAL CONFLICT, I CAN PERHAPS GIVE YOU MORE CONCRETE ADVICE IN THIS AREA.
BY THE SAME TOKEN, YOUR THIRD AREA OF CONCERN, THAT REGARDING YOUR MANY PRIVATE EDUCATIONAL, RELIGIOUS, CIVIC AND CHARITABLE AFFILIATIONS, BASICALLY IS GOVERNED BY THE SAME SET OF CONCERNS SET FORTH IN SECTION 4241, ABOVE. WHILE THERE IS NO PER SE CONFLICT OF INTEREST THAT IS TRIGGERED BY YOUR ACCEPTANCE OF YOUR NEW PUBLIC OFFICE, IT IS NOT INCONCEIVABLE THAT THERE MIGHT EXIST OR ARISE IN THE FUTURE A FACTUAL CONFLICT OF INTEREST BY VIRTUE OF YOUR MEMBERSHIP ON THOSE GOVERNING BODIES. HOWEVER, I WOULD NEED MORE INFORMATION TO ADEQUATELY ADDRESS SUCH AN AREA OF CONCERN.
(MICHAEL SCOTT FERN)